[No. A036068. First Dist., Div. Four. Dec. 18, 1987.]

PETER THOMAS TORSIELLO, a Minor, etc., Plaintiff and Appellant, v.
OAKLAND UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Russel J. A. Cosgrove for Plaintiff and Appellant.

Harlan E. Van Wye, Charles Schwartz, Berkley, Rhodes & Schwartz and Gary A. Hall for Defendant and Respondent.

**OPINION**

**ANDERSON, P. J.**—Peter Thomas Torsiello (appellant) brought an action for negligence against the Oakland Unified School District (respondent),

Jerry Green, a teacher employed by respondent, and others. Appellant appeals from the judgment entered in favor of respondent following the granting of respondent's motion for summary judgment.

We are asked to decide whether a school district may be held liable for injuries suffered by a student off school premises and after school hours when those injuries resulted from the alleged negligence of a school district employee under circumstances where (1) the student was not going to or from school and (2) there was no misconduct on the part of, or danger to the safety of, the student or other children present at the time of the incident. We hold that the school district may not be held liable under these circumstances.

On March 14, 1983, appellant, age 10, was a student at Chabot Elementary School in Oakland (Chabot). After school, he walked to his day care center and informed the proprietor (Ms. Attebery) that he would not be attending day care that afternoon because he was going to the movies. Appellant then left the center, and approximately 45 minutes later Ms. Attebery observed appellant and some other boys standing near a bus stop. Nearby, other children were selling candy bars.

Classes had ended at 3:05 p.m. on that day. Teacher Jerry Green left the school grounds between 4:30 and 5:30 p.m. and after driving his mini-motor van for approximately one minute encountered appellant and a group of boys, one of whom he recognized as being in his class. His curiosity being aroused, Mr. Green stopped and talked with the boys. They asked him if he wanted to buy any candy and he said, "No." After determining that they were not engaged in any "improper conduct" Mr. Green departed approximately one minute later. In the meantime, appellant had climbed onto the rear bumper of the van and jumped off shortly thereafter, falling and injuring his head in the process. A child in the group declared that appellant asked Mr. Green if he could ride on the back of his van and Mr. Green replied, "No." Mr. Green stated in deposition that he did not recall any child asking if he could step on the rear of the van, and that when he drove away the children had stepped back a foot or so from the camper. However, he did give a negative response to the boy who asked him if he wanted candy.

## I. *Bases of Liability*

A public entity such as respondent is vicariously liable for the tortious acts and omissions of its employees committed within the scope of employment under circumstances in which the employee would be personally liable for the conduct. (Gov. Code, § 815.2, subd. (a).) The effect of this

statute is to incorporate "general standards of tort liability as the primary basis for respondeat superior liability of public entities. . . ." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1980) § 2.32, p. 77.) Thus, in a cause of action for negligence, the existence and extent of an entity's vicarious liability under Government Code section 815.2, subdivision (a), will be determined by the scope of duty legally attributed to its employees. (*Id.,* at pp. 77-78; see *Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 819-820 [131 Cal.Rptr. 854].)

The complaint alleges that at all times Mr. Green was performing within the scope of employment and, at the time of the incident, he was acting pursuant to Education Code[1] sections 44807[2] and 44808.[3] Appellant casts the issue of whether Mr. Green was in the scope of employment at the time of the incident as a factual question for the jury. However, our analysis begins with the threshold determination of whether Mr. Green as respondent's employee owed appellant a duty of care under section 44807 or 44808 at the time of the encounter. The determination of duty is primarily a question of law. (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36]; *Bartell* v. *Palos Verdes Peninsula Sch. Dist.* (1978) 83 Cal.App.3d 492, 498 [147 Cal.Rptr. 898].)

## A. *Education Code Section 44807*

■ Appellant contends that section 44807 establishes a special relationship between pupils and teachers giving rise to a concomitant duty to exercise reasonable care under the circumstances, and that under the terms of the statute teachers are required to investigate and supervise the conduct of pupils on the way to and from school. ■ To the contrary, teachers do not have a duty to police the pathway to and from school. Teachers need only take appropriate action to see that the pupil is ultimately held to account for his misbehavior. The duty imposed by the section's phrase, "on the way to and from school," is with the pupil and not with the teacher.

---

[1] Unless otherwise indicated, all further statutory references are to the Education Code.

[2] Education Code section 44807 requires public school teachers to "hold pupils to a strict account for their conduct on the way to and from school. . . ."

[3] A school district's liability for the conduct and safety of its pupils when they are not on school property is governed by Education Code section 44808, providing in relevant part: "[N]o school district . . . or employee of such district . . . shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district . . . or person has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability or has failed to exercise reasonable care under the circumstances. [¶] In the event of such a specific undertaking, the district . . . or person shall be liable or responsible for the conduct or safety of any pupil only while such pupil is or should be under the immediate and direct supervision of an employee of such district . . . ."

(*Kerwin* v. *County of San Mateo* (1959) 176 Cal.App.2d 304, 309 [1 Cal.Rptr. 437].) "Obviously this section does not impose a duty on the teacher or the district to supervise the pupils on their way home. The section refers to the behavior of school children and not to their safe conduct to and from school." (*Ibid.*) The duty imposed on teachers under section 44807 is a duty to hold students strictly accountable for *their* behavior and conduct going to and from school. The concept of holding students strictly accountable implies that their conduct manifests some degree of impropriety.

■■■ We turn to teacher Green's encounter with the group of boys. He declared that when he saw them walking down the street (1) he was aware of district policy 6045-1 requiring teachers to be alert to any improper conduct of pupils going to and coming from school and to reprimand or report offenders as necessary; (2) he thought the children were coming from school; and (3) "as part of [his] duties as a teacher . . . [his] curiosity was aroused and [he] stopped . . . to see if there was any problem; . . ." Further, when asked in deposition why he stopped his vehicle, Mr. Green responded, "Well, I was curious about what was happening, a group of boys walking down the street, and one of them was mine." In response to another question posed at his deposition, "Did their activities in any way alarm you? Were they engaged in any kind of fight or altercation?" Mr. Green replied, "Didn't alarm, just aroused my curiosity." Finally, Mr. Green indicated by way of response to requests for admissions and interrogatories that he believed "it was his responsibility as a school teacher to investigate the activities of school children, whenever reasonably possible, in order to look after their well-being, especially when said students are located on or near the school grounds."

There being no tangible evidence of any improper conduct on the part of appellant or the other students, section 44807 did not impose a duty on Mr. Green to stop and investigate the group's activities. His belief that he had a general duty to investigate whenever reasonably possible to look after student's well-being does not create such a duty.

Further, the evidence and reasonable inferences therefrom support the conclusion that appellant was not coming from school at the time of the incident. He went to Ms. Attebery's day care center after school, left her home with plans to meet some friends and then go to the movies by bus, and was observed by Ms. Attebery 30-45 minutes after leaving her home by the bus stop. At that time they were near other children selling candy. Between 4:30 and 5:30 p.m. Mr. Green stopped to talk to the group of boys, including appellant, who was walking toward school. The group approached Mr. Green and asked him if he wanted to purchase candy.

The plain language of the statute imposes liability on the district to hold students accountable for their conduct *going to and from school*; it cannot be assumed that this duty extends to a duty to monitor at all times. In an analogous context, the court in *Bartell* v. *Palos Verdes Peninsula Sch. Dist., supra,* 83 Cal.App.3d 492 refused to impose a general duty on school districts and their employees to supervise the conduct of and control the activities of students on school grounds at all times. Instead, the court concluded that the "duty of supervision is limited to school-related or encouraged functions and to activities taking place during school hours." (*Id.,* at p. 499.) The court indicated that the conclusion was buttressed by section 44807 requiring teachers to supervise student conduct *during school sessions and recesses.* (*Ibid.*)

Here, Mr. Green "assumed" the students were coming from school, even though it was nearly an hour and a half since classes had been released and the students were walking towards, not away from, the school. His assumption here was incorrect; appellant was not "going from school" within the meaning of section 44807 and Mr. Green's belief that the children were going home, whether reasonable or not, cannot impose liability on his employer.

## B. *Section 44808*

Appellant also asserts liability under section 44808 based on the theory that Mr. Green "specifically assumed the responsibility for the conduct or safety of [appellant] and/or . . . failed to exercise reasonable care under the circumstances, as provided in Section 44808. . . ." Concerning the first basis of liability—Mr. Green specifically assumed responsibility for appellant's conduct or safety of appellant—Mr. Green's testimony reveals he stopped out of curiosity to investigate, had a brief conversation with the boys and left after determining there was no problem. Here there was no intervention or offer of protection or assistance as might arise in the face of improper conduct or some factor indicating a danger to the student's safety. Under these facts, Mr. Green's actions did not come within the ambit of a "specific assumption of responsibility" within the meaning of section 44808.

Additionally, appellant seems to be asserting an independent basis of liability against respondent because Mr. Green "failed to exercise reasonable care under the circumstances." We return to our original inquiry as to the existence of a duty on the part of Mr. Green towards appellant. There can be no liability without a breach of duty. Section 44808 by its terms addresses the liability of a district or employee for the conduct or safety of its pupils under certain enumerated circumstances—where the school is engaged in a specific undertaking. Thus, liability is premised on a breach of

a duty on the part of a district or employee relating to the conduct or safety of its pupils in off-campus settings.

The "reasonable care" phrase enunciates a standard of care and as such cannot exist in a vacuum; in the absence of a duty to which it applies, the phrase is meaningless. Respondent urges that as a standard setter, the "reasonable care" phrase should be construed to modify the preceding three phrases. This makes sense because the preceding phrases set forth circumstances in which a duty to provide for the safety or conduct of a pupil arises by virtue of a specific assumption of obligation (i.e., an undertaking to provide transportation, an undertaking to sponsor a school-related activity off campus, or some other specific assumption of responsibility for the safety and conduct of a pupil.)

Alternatively, the "reasonable care" phrase can be viewed as applying to a general duty to provide for the conduct or safety of pupils off campus. So construed, the statute reads as follows: "no school district . . . or employee of such district . . . shall be . . . in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district . . . or person . . . has failed to exercise reasonable care under the circumstances." (§ 44808.) Such construction is redundant in that it merely reiterates the duty based on "otherwise specifically assum[ing] such responsibility or liability." In any event, the phrase standing alone does not enunciate a duty independent of providing for the safety or conduct of pupils off campus, and we previously determined that Mr. Green did not specifically assume such responsibility.

We agree with appellant that the grant of immunity provided for in section 44808 does not apply to his section 44808 cause of action. However, such cause of action necessarily is grounded in the specific assumption of a duty to provide for the safety or conduct of pupils off campus, which never occurred under the facts of this case.

We note that *Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508 [150 Cal.Rptr. 1, 585 P.2d 851], a case holding that a school district may be liable for injuries proximately caused by the breach of its duty to exercise reasonable care in supervising pupils while on school campus and during normal school hours, regardless of whether plaintiff's injury occurs off campus, discusses section 44808 in response to defendant's allegation that the off-campus situs of the injury should absolve defendant from liability. (*Id.,* pp. 515-517.) The court in *Hoyem* stated that section 44808 withdraws its "grant of immunity whenever the school district . . . 'has failed to exercise reasonable care under the circumstances.'" (*Id.,* at p. 517.)

The court then explains that the "reasonable care" exception was not accidental. (*Hoyem* v. *Manhattan Beach City Sch. Dist., supra,* 22 Cal.3d at p. 517, fn. 2.) The phrase being added by amendment to the original bill and approved unanimously, the intent of the Legislature was clear: "when a school district fails to exercise reasonable care the immunity of this section evaporates." (*Ibid.*) Our decision is not inconsistent with *Hoyem. Hoyem* did not discuss the relationship between the "reasonable care" exception and the duty of the district or its employee.

We conclude as a matter of law that Mr. Green did not owe appellant a duty of care under section 44807 or 44808 when, after school hours and off school grounds, he precipitated an encounter with appellant and other boys under circumstances where there was no misconduct on the part of or danger to the safety to any of the students. Contrary to appellant's assertion that the charging allegations of his complaint and the evidence submitted relating thereto raised triable issues of material fact as to whether Mr. Green was acting pursuant to sections 44807 and 44808, no such triable issue can be raised with respect to the threshold legal determination of existence of duty.

## II, III*

". . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Poché, J., and Sabraw, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 3, 1988. Broussard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 41.