[No. C017923. Third Dist. Dec. 6, 1995.]

GUADALUPE HERNANDEZ et al., Plaintiffs and Appellants, v. MODESTO PORTUGUESE PENTECOST ASSOCIATION, Defendant and Respondent.

COUNSEL

Bernardino & Associates and Rafael Bernardino, Jr., for Plaintiffs and Appellants.

Mason & Thomas and Bradley S. Thomas for Defendant and Respondent.

OPINION

SCOTLAND, J.—This action arises out of an automobile accident caused by the drunken driving of Hector Estrella, a minor. Plaintiffs include a surviving passenger and the relatives of passengers who died in the accident. Defendant owns the building rented by the sponsor of a dance at which alcohol was served to Estrella on the evening of the accident.

Plaintiffs appeal from the judgment entered after defendant's motion for summary judgment was granted. They contend the trial court erred in concluding that defendant cannot be civilly liable under Business and Professions Code section 25602.1, which provides in pertinent part that a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person who "causes to be sold" any alcoholic beverage to an obviously intoxicated minor where the sale of that beverage to the minor is the proximate cause of the personal injury or death. (Further section references are to the Business and Professions Code unless specified otherwise.)

We shall affirm the judgment. As we will explain, section 25602.1's phrase "causes [alcohol] to be sold" requires an affirmative act directly related to the sale of alcohol, which necessarily brings about the resultant action to which the statute is directed, i.e., the furnishing of alcohol to an

obviously intoxicated minor. The statute requires malfeasance, not acquiescence; mere inaction is not sufficient. Accordingly, when a person's only acts relating to the sale of alcohol to an obviously intoxicated minor are (1) being the landlord of the premises on which the renter sold alcohol to the minor, and (2) having acquiesced in the liquor license application of the organization which rented the premises, the person cannot be said to have "cause[d] [alcohol] to be sold" to the minor within the meaning of section 25602.1. Therefore, the person is immune from liability for injuries inflicted as a result of the minor's intoxication. (§ 25602, subd. (b).)

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Modesto Portuguese Pentecost Association (the Association) owns and operates a two-story ballroom known as the California Ballroom. Subject only to its availability, the facility may be rented for weddings and other social occasions. Both the upstairs and downstairs of the building have a bar. If a tenant indicates a desire to serve alcohol to guests at the function for which the tenant rents the facility, the Association will provide a form letter stating it has no objection to the tenant's serving alcohol on the Association's premises. The tenant may use this letter in applying for a one-day liquor license.

The Association agreed to rent its facility to Comite Patriotico Mexicano for a dance on September 2, 1989, and provided a form letter indicating the Association had no objection to the sale of alcohol at the dance. Comite Patriotico Mexicano received a business license from the City of Modesto and a permit from the Modesto Police Department to hold the dance at the ballroom. It also obtained from the Department of Alcoholic Beverage Control a temporary license to sell beer at the dance.

In connection with obtaining the temporary on-sale beer license, a representative of Comite Patriotico Mexicano received from the Department of Alcoholic Beverage Control an information sheet which emphasized Comite Patriotico Mexicano's obligation to supervise the sale of alcohol and not to serve alcoholic beverages to any person under 21 years of age or to anyone who obviously is intoxicated.

It is not the Association's practice to instruct its tenants regarding the sale of alcohol to minors or intoxicated persons, and the Association provided no direction to Comite Patriotico Mexicano about any sale of alcohol. Although there are signs posted in the facility which state, in English only, that no alcohol may be served to persons under the age of 21, there are no signs stating that alcohol will not be served to intoxicated persons.

Estrella attended the Comite Patriotico Mexicano dance with friends. Before arriving there, he had consumed approximately seven beers. At the dance, Estrella purchased at least three tickets redeemable for plastic cups of beer. He was not asked his age when he purchased the tickets, and he was visibly intoxicated both when he bought the tickets and when he exchanged them at the bar for beer.

No representatives of the Association were present at the dance.

When Estrella and his friends left the dance, Estrella insisted on driving, even though his friends urged him not to. He lost control of the van and struck a utility pole. Estrella and two of his three passengers died in the fire following the collision. The other passenger was injured seriously.

Plaintiffs sued the Association, alleging negligence, premises liability and liability under section 25602.1, arising from the Association's having "caused alcoholic beverages to be . . . sold" to Estrella, an obviously intoxicated minor. Other defendants, who are not parties to this appeal, include Comite Patriotico Mexicano and its secretary-treasurer, who signed the application to rent the ballroom and who supervised the dance.

The trial court sustained, without leave to amend, the Association's demurrer to the negligence and premises liability theories of liability. Thus, at the time of the summary judgment motion, plaintiffs' cause of action was based solely upon liability under section 25602.1.

In its motion for summary judgment, the Association argued there are no facts from which a trier of fact can conclude that the Association caused alcohol to be sold to an obviously intoxicated minor, within the meaning of section 25602.1, because Comite Patriotico Mexicano had exclusive control over the ballroom facility on the evening of September 2, and only Comite Patriotico Mexicano sold or otherwise furnished alcohol to persons attending the dance.

The trial court granted the motion, finding there exists no triable issue of material fact and the Association "had no control of the premises, [and] did not furnish the alcohol" to Estrella.

## DISCUSSION

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ.

Proc., § 437c, subd. (c).) A defendant is entitled to summary judgment if a necessary element of the plaintiff's cause of action cannot be established or if there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o)(2).)

Because the trial court's determination is one of law based upon the papers submitted, the appellate court must make its own independent determination regarding the construction and effect of the supporting and opposing papers. We apply the same three-step analysis required of the trial court. We begin by identifying the issues framed by the pleadings since it is these allegations to which the motion must respond. We then determine whether the moving party's showing has established facts which justify a judgment in movant's favor. When a summary judgment motion prima facie justifies a judgment, the final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203].)

Plaintiffs' theory is that, because the Association permitted alcohol to be sold on its premises and did nothing to prevent the sale of alcohol to Estrella, an obviously intoxicated minor, the Association's "acts and omissions actually contribute to, and encourage, i.e., *cause*, the sale of alcohol to such minors" (italics in original) within the meaning of section 25602.1, and are the proximate cause of injuries suffered during the accident resulting from Estrella's intoxication.

In support of its motion for summary judgment, the Association offers the following as undisputed material facts: the Association "had nothing to do with the dance" at which Estrella was served beer, and "no representatives of the Association were present" at the dance; if an organization, like Comite Patriotico Mexicano, wishes to sell alcohol at a function in the ballroom it rents from the Association, a representative of the Association simply completes a form indicating the Association has no objection and delivers the form to the renter, which may submit the form with the renter's application to the Department of Alcoholic Beverage Control for a temporary liquor license; Comite Patriotico Mexicano alone rented the building, secured a police permit to conduct the dance, obtained a temporary permit from state authorities to sell alcohol at the dance, and undertook the responsibility to ensure that no alcohol was served to minors or intoxicated individuals. It follows, the Association asserts, a necessary element of plaintiffs' cause of action—i.e., that the Association "cause[d] to be sold" alcoholic beverages to an obviously intoxicated minor (§ 25602.1)—cannot be established.

In opposition to the motion, plaintiffs offer no facts contrary to those asserted in the Association's statement of undisputed material facts. Plaintiffs simply dispute the Association's claim that it had "nothing to do with the dance" because, in plaintiffs' view, "[t]his is not the standard under the statute. Under the statute, liability is imposed on those who sell, furnish or give away alcohol or *cause* [it] to be sold, furnished or given away" to an obviously intoxicated minor. (Italics in original.) Plaintiffs argued that the Association's actions in leasing the ballroom, approving of and providing the necessary prerequisite for a temporary license to be used by the renter for the sale of alcohol at the rented ballroom, and failing to have any policies, practices or procedures to prevent the sale of alcohol to an intoxicated minor in its rented ballroom are sufficient to satisfy the statutory requirement that the Association caused alcohol to be sold to an obviously intoxicated minor.

Therefore, material facts are not in dispute in this summary judgment motion. The parties simply dispute the legal significance of the material facts, i.e., whether defendant's conduct comes within the meaning of the phrase "causes to be sold, any alcoholic beverage, to any obviously intoxicated minor," as used in section 25602.1. Because liability in this case turns upon a question of statutory interpretation, it is a question of law for the court to decide in a summary judgment motion. (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44] ["It is elementary that the construction of a statute and the question of whether it is applicable present solely questions of law."]; *Shields* v. *County of San Diego* (1984) 155 Cal.App.3d 103, 108 [202 Cal.Rptr. 30]; cf. *Visueta* v. *General Motors Corp.* (1991) 234 Cal.App.3d 1609, 1616 [286 Cal.Rptr. 402].)

In reviewing the trial court's ruling, we turn first to the pertinent statutes.

Pursuant to section 25602, subdivision (b), "No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage [to any obviously intoxicated person] shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage."

There exists one exception to this statutory immunity. Section 25602.1 provides that, "[n]otwithstanding subdivision (b) of section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed, or required to be licensed, pursuant to Section 23300, or any person authorized by the federal government to sell alcoholic beverages on a military base or other federal enclave,

who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage, *and any other person who sells, or causes to be sold, any alcoholic beverage, to any obviously intoxicated minor where the furnishing, sale or giving of that beverage to the minor is the proximate cause of the personal injury or death sustained by that person.*" (Italics added.)

While plaintiffs acknowledge that no case has yet extended liability under section 25602.1 to a circumstance like that presented in this case, they contend the portion of section 25602.1 we italicize above can fairly be read to support the imposition of liability upon a landlord who leases property to a third person for the sale of alcohol and who takes no action to prevent alcohol from being sold there to intoxicated minors. We disagree.

Section 25602.1 is a narrow exception to the Legislature's enactment of what our Supreme Court has termed "sweeping civil immunity" from liability for injuries to third persons resulting from the furnishing of alcohol to another. (*Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 724 [209 Cal.Rptr. 347, 691 P.2d 1013]; *Salem* v. *Superior Court* (1989) 211 Cal.App.3d 595, 600 [259 Cal.Rptr. 447].)[1] As the sole exception to statutory immunity, section 25602.1 must be strictly construed to effect the Legislature's intent. (*Salem* v. *Superior Court, supra,* at p. 600.) In construing the language of the statute, we must give the words the meaning they bear in ordinary usage (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148]) and read them "as to conform to the spirit of the act." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

In their ordinary sense, the words "causes to be sold" as used in section 25602.1 imply some type of affirmative act on the part of the person causing alcohol to be sold, which is directly related to the act of selling alcohol. (Cf. *Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1157 [221 Cal.Rptr. 675], and cases cited therein [construing section 25658, which provides that one "who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of

---

[1] We need not review in detail the history of dram shop claims laws in California; many other courts have done so before us. (See, e.g., *Salem* v. *Superior Court, supra,* 211 Cal.App.3d at p. 599, and cases cited therein.) Suffice it to say that in 1978, the Legislature made dramatic changes in statutes concerning the tort liability of those who provide alcoholic beverages; the changes were in response to a line of cases which had expanded that liability. (See *DeBolt* v. *Kragen Auto Supply, Inc.* (1986) 182 Cal.App.3d 269, 273 [227 Cal.Rptr. 258].) The new legislation granted the furnishers of alcoholic beverages "sweeping civil immunity" (*Strang* v. *Cabrol, supra,* 37 Cal.3d at p. 724) with one explicit exception set forth in section 25602.1. (See §§ 25602, subds. (b) & (c), 25602.1, and Civ. Code, § 1714.)

a misdemeanor"].) This ordinary usage of the phrase, and the fact that section 25602.1 articulates no duty to act affirmatively to prevent others, over whom one has no control, from selling alcohol to an obviously intoxicated minor, compel us to construe the statute to require malfeasance, not acquiescence; mere inaction is not sufficient. (Cf. *Sagadin* v. *Ripper, supra,* at p. 1157.) In other words, the phrase "causes to be sold" requires an affirmative act directly related to sale of alcohol, which necessarily brings about the resultant action to which the statute is directed, i.e., the sale of alcohol to an obviously intoxicated minor. For example, one who, having control over the alcohol, directs or explicitly authorizes another to sell it to a minor who is clearly drunk falls within the statutory language. On the other hand, merely providing a room where alcoholic beverages will be sold by others is not sufficient to satisfy section 25602.1's phrase, "causes [alcohol] to be sold." (*Ibid.*)

Our determination that the phrase "causes to be sold" in section 25602.1 requires an affirmative act directly related to the sale of alcohol, rather than mere acquiescence or inaction, conforms to the spirit of the act which creates a narrow exception to the Legislature's enactment of "sweeping civil immunity" from liability for injuries to third persons resulting from the furnishing of alcohol to another. Because section 25602.1 imposes liability only when alcohol is provided to an "obviously intoxicated minor,"[2] a trier of fact may not find liability unless it determines that the minor exhibited one or more signs of intoxication which were sufficient to cause a reasonable person to believe the minor was intoxicated. (*Schaffield* v. *Abboud* (1993) 15 Cal.App.4th 1133, 1140 [19 Cal.Rptr.2d 205].) "Simply put, a supplier of alcohol must use reasonable care to ensure the person receiving the alcoholic beverage is not an obviously intoxicated minor. . . . '[A] duty is placed upon the seller, before serving the intended purchaser, to use his powers of observation to such extent as to see that which is easily seen and to hear that which is easily heard . . . .' [Citation.] [¶] . . . [T]he seller is liable only where he fails to perceive warning signs of which he should have been aware, or ignores warnings of which he was in fact aware. To hold otherwise would be to impose strict liability upon the seller." (*Id.,* at p. 1141.) Accordingly, as pertinent to the circumstances of this case, the apparent intent of section 25602.1 is to subject to potential liability only those persons or organizations who, either personally or through an agent, are in the position to detect signs of intoxication in a minor seeking to purchase

---

[2]In limiting section 25602.1 to the furnishing of alcohol to obviously intoxicated minors, "the Legislature might reasonably have deemed such persons more in need of safeguarding from intoxication than adults, because of the comparative inexperience of minors in both drinking and driving." (*Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 441 [174 Cal.Rptr. 500, 629 P.2d 8].)

alcohol from the person or organization, and can refuse to sell alcohol to that minor in order to protect the minor and reduce the potential that the minor will cause personal injury to himself or others as a result of his intoxication. (15 Cal.App.4th at pp. 1142-1143; *Cory* v. *Shierloh, supra,* 29 Cal.3d at pp. 440-441.)

In this case, there are no allegations that the Association was in a position to observe whether Estrella was obviously intoxicated when he purchased the beer at the dance or that the Association was in a position to directly control the sale of alcohol to Estrella. The dispensing of alcohol to the guests of Comite Patriotico Mexicano was under the sole control of Comite Patriotico Mexicano. Comite Patriotico Mexicano, not the Association, contractually assumed the responsibility of providing security, checking the identification of guests attempting to purchase beer tickets, and otherwise ensuring that its beer sales comported with the law. The Association's only acts relating to the sale of alcohol at the ballroom on the night of the accident were its rental of the facility to Comite Patriotico Mexicano and its passive assent to Comite Patriotico Mexicano's application for a permit and liquor license to sell beer to those attending the dance.

Neither the Association's rental of the ballroom nor its acquiescence in the liquor license application is sufficiently related directly to the sale of alcohol to warrant imposition of liability under section 25602.1. The Association exercised no degree of control or authority over the sale of beer to Estrella or any other guest at the dance. It purchased no alcohol, served no alcohol, and was not even present at the event. Hence, the Association was not in a position to detect signs of intoxication among the consumers of alcohol at the dance or to control the sale of alcohol to an obviously intoxicated minor. Accordingly, the Association does not come within the provisions of section 25602.1 because it did not engage in an affirmative act directly related to the sale of alcohol which necessarily brought about its sale to Estrella, an obviously intoxicated minor.

Plaintiffs suggest that the Association caused alcohol to be sold to Estrella because, under circumstances in which it knew or should have known alcohol would be sold to a minor, the Association had "no policies, procedures or practice in writing or informally" to regulate the sale of alcohol at the ballroom and to "discourage" the renter of the facility from selling beer to an obviously intoxicated minor. We disagree.

The Association's failure to adopt policies and procedures designed to discourage a renter of its facility from selling alcohol to obviously intoxicated minors attending a dance is not an affirmative act directly related to

the sale of alcohol which necessarily brought about the resultant action to which the statute is directed, i.e., the sale of alcohol to an obviously intoxicated minor. As we have explained, section 25602.1 articulates no duty to act affirmatively to prevent others, over whom one has no control, from selling alcohol to an obviously intoxicated minor.

Because a conclusion that the Association caused alcoholic beverages to be sold to Estrella may not logically and reasonably be drawn from the undisputed facts of this case (Evid. Code, § 600, subd. (b)), the trial court properly granted the Association's motion for summary judgment.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.