[No. B226614. Second Dist., Div. Three. Apr. 27, 2011.]

LUIS GUTIERREZ, Plaintiff and Appellant, v.
THOMAS V. GIRARDI et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part 3. of the Discussion.

**COUNSEL**

Dion-Kindem & Crockett and Peter R. Dion-Kindem for Plaintiff and Appellant.

Girardi and Keese and Robert W. Finnerty for Defendants and Respondents.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

This is a class action brought by plaintiff and appellant Luis Gutierrez on behalf of himself and all other persons who were represented by defendants and respondents Thomas V. Girardi and his law firm Girardi & Keese (collectively G&K) in a previous lawsuit by employees of Lockheed Corporation (Lockheed) against Lockheed and other defendants (Lockheed Action). Gutierrez appeals from a judgment following an order granting G&K's motion for summary judgment.

Over a period of about 10 years, G&K negotiated settlements with most of the defendants in the Lockheed Action on behalf of Gutierrez and other

plaintiffs in that action. Gutierrez received a series of payments as his share of the settlement proceeds. Subsequently, three of the nonsettling defendants in the Lockheed Action filed a motion for summary judgment against Gutierrez on the ground that his action was barred by the statute of limitations. The motion was granted and judgment was entered in the Lockheed Action against Gutierrez with respect to the nonsettling defendants.

The gravamen of Gutierrez's allegations in this action is that G&K misappropriated part of the settlement funds paid by the settling defendants for the benefit of Gutierrez and other class members. Gutierrez asserts causes of action for breach of fiduciary duty and money had and received against G&K.

The trial court granted G&K's motion for summary judgment on the grounds that Gutierrez could not prove the elements of causation and damages in both of his causes of action because his claims against the settling defendants in the Lockheed Action would have been barred by the statute of limitations had the settling defendants asserted them. In other words, the trial court concluded that because the statute of limitations objectively barred Gutierrez's causes of action in the Lockheed Action, as a matter of law he could not prevail in his causes of action against G&K. This was error.

In many cases when a client sues his or her attorney for wrongdoing in connection with litigation (e.g., for breach of fiduciary duty or professional negligence), the merits of the underlying case must be adjudicated. This is because in order to prove the element of causation the client must show that he or she objectively would have obtained a better result in the underlying case in the absence of the attorney's breach or negligence. The trial court thus must conduct a "trial within a trial" of the underlying case.

In this case, by contrast, a trial within a trial is not necessary. This is because the merits of the Lockheed Action need not be decided in order to determine whether G&K's alleged misappropriation of the settlement proceeds caused Gutierrez damages. G&K allegedly misappropriated the settlement proceeds *after* the settlement agreements were executed. At that point, as to the settling defendants, the case was over. The settling defendants could no longer raise any defenses, including their statute of limitations defense. Therefore, if the misappropriation allegations against G&K are true, G&K's conduct caused Gutierrez to incur damages regardless of whether the settling defendants could have raised a statute of limitations defense prior to settling the case.

The trial court's judgment was based on the erroneous assumption that the settling defendants' statute of limitations defense barred Gutierrez's claim against G&K. We reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Gutierrez's Workers' Compensation Claim*

Gutierrez worked for Lockheed for over 30 years beginning in 1973. On March 6, 1987, Gutierrez filed a workers' compensation claim. It alleged that Gutierrez suffered injury to his "entire body including psyche" from "stress & strain with toxic exposure" while working as a flight line mechanic at Lockheed.

### 2. *Lockheed Action*

On October 28, 1988, Gutierrez and numerous other Lockheed employees in Los Angeles County filed a complaint against Lockheed and other corporate defendants. The complaint alleged that the plaintiffs sustained personal injuries from their exposure to toxic chemicals while working at Lockheed's facilities.[1] It further alleged that the defendants manufactured, formulated, supplied, distributed or sold the toxic chemicals that caused the plaintiffs' injuries. The complaint set forth fraudulent concealment, strict liability and negligence causes of action.

When the complaint in the Lockheed Action was filed, the attorney for the plaintiffs was Timothy A. Larson. At some point during the Lockheed Action G&K became counsel for Gutierrez and the other plaintiffs. According to Gutierrez, G&K did not have a fee agreement with Gutierrez in connection with the Lockheed Action.

Between approximately 1991 and 2001, the plaintiffs reached "general settlements" with various defendants (the settling defendants) in the Lockheed Action. The settlements totaled approximately $131 million. G&K received the settlement funds and controlled all disbursements. From October 1991 to February 2001, Gutierrez received 13 settlement checks from G&K totaling $81,310.41.

On April 18, 2002, three defendants in the Lockheed Action (the nonsettling defendants) filed a motion for summary judgment against Gutierrez. That motion argued the one-year statute of limitations barred Gutierrez's action.

On June 7, 2002, the trial court granted the nonsettling defendants' motion. The court found that Gutierrez had "inquiry knowledge" of his claims against

---

[1] It is undisputed that Gutierrez sought compensation in his workers' compensation claim for the "identical injuries" he claimed in the Lockheed Action.

the nonsettling defendants when he filed his workers' compensation claim against Lockheed more than a year before the commencement of the Lockheed Action. Accordingly, the court ruled that the one-year statute of limitations barred Gutierrez's personal injury claims against the nonsettling defendants and that said defendants were entitled to judgment as a matter of law.

### 3. Gutierrez's Allegations in this Action

On October 23, 2008, Gutierrez commenced this action by filing a complaint against G&K. Gutierrez filed a first amended complaint on February 20, 2009, which is the operative pleading in this case.

The first amended complaint states that this is a class action brought by Gutierrez on behalf of himself and all other persons who were represented by G&K in the Lockheed Action. It sets forth causes of action for breach of fiduciary duty and money had and received.

The first amended complaint does not allege that the *amount* of the settlement obtained by G&K was inadequate. Rather, it alleges that G&K breached its fiduciary duty and committed other wrongful acts "with respect to the handling and distribution of the settlement funds generated" in the Lockheed Action "that were owing" to Gutierrez and other class members by, inter alia, "[d]isbursing and/or withholding from distribution" to Gutierrez and class members "as costs amounts and/or items not properly chargeable as costs"; "[d]isbursing and/or utilizing" Gutierrez's and class members' funds for G&K's "own individual interests" without plaintiffs' "knowledge or consent"; failing and refusing to "promptly disburse" to Gutierrez and other class members their "proportional share of the settlements"; failing to maintain Gutierrez's and other class members' funds in interest-bearing trust accounts; and "[m]anaging" Gutierrez's and class members' funds "in a way to maximize profits for [G&K] at the expense of said plaintiffs." In total, the first amended complaint alleges, G&K "received money believed to be in excess of $20 million that was intended to be used for the benefit of" Gutierrez and other class members.

### 4. G&K's Motion for Summary Judgment

On September 30, 2009, G&K filed a motion for summary judgment or, in the alternative, summary adjudication. G&K argued that Gutierrez could not prove that he sustained damages proximately caused by G&K's conduct in the Lockheed Action because Gutierrez's underlying claims against the settling defendants were time-barred.

G&K also argued that the doctrine of unclean hands barred Gutierrez's claims against G&K. This argument was based on G&K's contentions that

Gutierrez falsely asserted in his workers' compensation claim and in the Lockheed Action that he suffered injuries from exposure to toxic chemicals while working at Lockheed, and that Gutierrez failed to disclose his claims against G&K to the bankruptcy court in his 2009 personal bankruptcy case.

On January 6, 2010, the trial court granted G&K's motion for summary judgment. The court found that Gutierrez could not establish the elements of causation or damages because the statute of limitations barred his claims against the settling defendants. In granting the motion, the court relied primarily on *Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518 [49 Cal.Rptr.3d 60] (*Slovensky*), which we shall discuss in detail, *post.* The court also expressly stated that it did not address the substantive merits of Gutierrez's underlying claims in the Lockheed Action or G&K's unclean hands defense.[2]

On June 18, 2010, the trial court entered judgment in favor of G&K and against Gutierrez. This appeal followed.

## DISCUSSION

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the burden of persuasion that one or more elements of the cause of action in question cannot be established or that there is a complete defense thereto. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*); Code Civ. Proc., § 437c, subds. (*o*), (p)(2).) The moving defendant also bears the initial burden of producing evidence to make a prima facie showing of the nonexistence of any triable issue of material fact. (*Aguilar*, at p. 850.) If the defendant meets his or her burden of production, the burden shifts to the plaintiff to produce evidence showing the existence of a triable issue of material fact. (*Ibid.*)

This court reviews an order granting a motion for summary judgment de novo. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1039 [95 Cal.Rptr.3d 636, 209 P.3d 963].) "We apply the same three-step analysis required of the trial court. We begin by identifying the issues framed by the pleadings since it is these allegations to which the motion must respond. We then determine whether the moving party's showing has established facts which justify a

---

[2] The trial court further stated that despite its ruling on Gutierrez's individual claims, "the claims of the putative class may remain viable." On behalf of two new putative class representatives, Gutierrez's counsel filed a motion to amend the first amended complaint and to add two additional class representatives. The trial court denied that motion on June 17, 2010.

judgment in movant's favor. When a summary judgment motion prima facie justifies a judgment, the final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue." (*Hernandez v. Modesto Portuguese Pentecost Assn.* (1995) 40 Cal.App.4th 1274, 1279 [48 Cal.Rptr.2d 229]).

### 1. *G&K Did Not Meet Its Burden of Showing That Gutierrez Cannot Establish His Breach of Fiduciary Duty Cause of Action*

The first cause of action in Gutierrez's first amended complaint is breach of fiduciary duty. "The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1086 [41 Cal.Rptr.2d 768].)

#### a. *Duty*

G&K concedes that it represented Gutierrez in the Lockheed Action. G&K thus owed a fiduciary duty to Gutierrez, which included a duty of loyalty. (*Cal Pak Delivery, Inc. v. United Parcel Service, Inc.* (1997) 52 Cal.App.4th 1, 11 [60 Cal.Rptr.2d 207].)

#### b. *Breach*

With respect to the element of breach, G&K argues that Gutierrez cannot prove G&K misappropriated settlement funds because at his deposition, Gutierrez testified that there was no written fee agreement between G&K and Gutierrez. Thus, G&K contends, Gutierrez "will never be able to prove that the amount [G&K] allocated towards fees and costs varied with the terms of his fee agreement."

We reject this argument. If there was no written contract between Gutierrez and G&K, then the agreement between the parties was voidable at Gutierrez's option, and G&K was only entitled to collect a reasonable fee. (Bus. & Prof. Code, §§ 6147, subd. (b), 6148, subd. (c).)[3] Further, as a fiduciary, G&K was not allowed to deduct unwarranted costs from the settlement proceeds and was required to comply with its ethical obligations regarding client trust

---

[3] Business and Professions Code section 6147 applies to contingency fee cases; Business and Professions Code section 6148 applies to noncontingency fee cases. The record does not indicate whether G&K was paid on a contingency basis. Business and Professions Code sections 6147 and 6148 have been amended since they were initially enacted in 1982 and 1986, respectively. The provisions making an agreement voidable, however, have not materially changed. (Bus. & Prof. Code, former § 6148, added by Stats. 1986, ch. 475, § 7, pp. 1778–1779; Bus. & Prof. Code, former § 6147, added by Stats. 1982, ch. 415, § 2, p. 1761.)

accounts. G&K thus did not have carte blanche with respect to attorney fees and costs it deducted from the settlement proceeds merely because there allegedly was no written fee agreement.[4]

Moreover, G&K did not produce any evidence indicating it did not misappropriate settlement funds as Gutierrez alleges. For example, G&K did not produce evidence regarding (1) the terms of the agreement(s), if any, between G&K and its clients in the Lockheed Action, including Gutierrez, (2) the costs and attorney fees deducted by G&K from the settlement proceeds, or (3) its calculation of the distribution of settlement funds to the plaintiffs, including Gutierrez. G&K therefore did not meet its burden of showing that Gutierrez cannot establish the element of breach.

G&K contends that the trial court could not assume that the allegations in Gutierrez's first amended complaint regarding the element of breach were true because Gutierrez did not produce any evidence regarding this element. We agree with G&K that a party cannot rely on the allegations of his or her own pleadings to make an evidentiary showing in support of or in opposition to a motion for summary judgment. (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 [34 Cal.Rptr.2d 898, 882 P.2d 894].) G&K, however, did not meet its initial burden of production or its burden of persuasion with respect to the element of breach. Gutierrez thus was not required to produce any evidence regarding this element. Where, as here, "a defendant moving for summary judgment has failed to controvert factual allegations in the complaint, the trial court must deem the allegations true for purposes of the motion." (*Slovensky, supra,* 142 Cal.App.4th at p. 1534.)

Assuming the factual allegations in the first amended complaint are true, the element of breach is satisfied. Although the allegations regarding breach are somewhat vague, the first amended complaint essentially alleges that G&K misappropriated the settlement funds paid by the settling defendants. If these allegations are true, G&K breached its fiduciary duty to Gutierrez. (See *McKnight v. State Bar* (1991) 53 Cal.3d 1025, 1035 [281 Cal.Rptr. 766, 810 P.2d 998] [" 'Misappropriation of client funds . . . breaches the high duty of loyalty owed to the client . . . .' "]

### c. *Causation and Damages*

G&K produced evidence that it contends shows Gutierrez cannot establish the elements of causation and damages, namely evidence indicating that the statute of limitations barred Gutierrez's causes of action in the Lockheed Action. To prevail on its motion for summary judgment, G&K must show that even if it misappropriated the settlement proceeds in violation of its fiduciary duty, Gutierrez cannot establish the elements of causation or damages. This G&K failed to do.

---

[4] We express no opinion on the merits of Gutierrez's allegations against G&K.

The unstated assumption in G&K's argument is that the trial court was required to adjudicate the likelihood that Gutierrez would prevail in the underlying case—the Lockheed Action—in order to determine whether Gutierrez satisfied the elements of causation and damages in his breach of fiduciary duty cause of action against G&K. This assumption ostensibly arises out of extensive case law regarding suits by clients against their litigation attorneys, most notably professional malpractice cases.

 In a typical professional negligence case against a litigation attorney, a determination of the merits of the underlying lawsuit must be made in order to adjudicate the elements of causation and damages. (*Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 357 [89 Cal.Rptr.3d 710] (*Blanks*).) The plaintiff is required to prove that but for the defendant's misconduct, " 'the plaintiff would have obtained a more favorable judgment or settlement in the action in which the malpractice allegedly occurred.' " (*Ibid.*, quoting *Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241 [135 Cal.Rptr.2d 629, 70 P.3d 1046].) "This method of presenting a legal malpractice lawsuit is commonly called a trial within a trial. It may be complicated, but it avoids speculative and conjectural claims." (*Blanks*, at p. 357.)

"The trial-within-a-trial method does not 'recreate what a particular judge or fact finder would have done. Rather, the jury's task is to determine what a reasonable judge or fact finder would have done . . . .' [Citation.] Even though 'should' and 'would' are used interchangeably by the courts, the standard remains an *objective* one. The trier of facts determines what *should* have been, not what the result *would* have been, or could have been, or might have been, had the matter been before a *particular judge* or jury." (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 840 [60 Cal.Rptr.2d 780]; accord, *Blanks, supra*, 171 Cal.App.4th at p. 357).

The trial-within-a-trial method has been expanded to breach of fiduciary duty cases and was applicable in the two main cases relied on by G&K—*Slovensky* and *Loube v. Loube* (1998) 64 Cal.App.4th 421 [74 Cal.Rptr.2d 906] (*Loube*). In *Slovensky*, after settling a toxic mold personal injury action against the owner of an apartment complex, the plaintiff sued her former attorneys for legal malpractice and breach of fiduciary duty. (*Slovensky, supra*, 142 Cal.App.4th at p. 1521.) The plaintiff alleged that the defendants negligently failed to obtain an adequate recovery and that the defendants breached their fiduciary duty by misrepresenting and concealing material facts in the course of the litigation. (*Ibid.*) The statute of limitations on the plaintiffs' causes of action in the underlying action, however, had run before she consulted the defendants. (*Id.* at pp. 1521–1522.)

With respect to the plaintiff's malpractice claim, the *Slovensky* court held: "Because plaintiff's claim was time-barred on the day she filed it, she was entitled to no recovery and would inevitably have lost the case had it not settled. Thus, the settlement defendants obtained for her was a windfall. As defendants' alleged malpractice did not damage her, her malpractice claim fails." (*Slovensky, supra,* 142 Cal.App.4th at p. 1528, fn. omitted.) With respect to the plaintiff's breach of fiduciary duty claim, the *Slovensky* court held: "To the extent plaintiff's fiduciary breach claim alleges the same damages as her malpractice claim, it fails for the same reason." (*Id.* at p. 1533.)

In *Loube*, the plaintiffs were limited partners in a real estate partnership. (*Loube, supra,* 64 Cal.App.4th at p. 424.) The plaintiffs hired a law firm (Loube) to prosecute an action against the general partners. (*Ibid.*) After default was entered against the general partners and a prove-up hearing was held regarding damages, the plaintiffs were each awarded $248,102 in compensatory damages and $200,000 in punitive damages. (*Ibid.*) The trial court, however, subsequently reduced the amount of damages to the jurisdictional minimum of $25,000 because the complaint did not state a specific amount of damages. (*Id.* at pp. 424–425.)

The plaintiffs then sued Loube for professional negligence, constructive fraud, breach of fiduciary duty and breach of contract. By their action the plaintiffs sought to hold Loube liable for the reduction in the amount of damages awarded. (*Loube, supra,* 64 Cal.App.4th at p. 425.) The trial court accordingly required the plaintiffs "to conduct a 'trial within a trial,' to prove that had the matter gone to trial they would have received an award of damages exceeding their actual recovery. Concluding that, had the matter gone to trial each [plaintiff] would have been awarded no more than $12,850 compensatory damages and would have obtained no award of punitive damages, the court granted [Loube's] motion for judgment." (*Ibid.*) The Court of Appeal affirmed. (*Id.* at p. 424.)[5]

In both *Slovensky* and *Loube*, a trial within a trial was necessary because the defendant attorneys' alleged malpractice and breach of fiduciary duty was in connection with a pending or potential lawsuit against third parties. The plaintiffs in *Slovensky* and *Loube* alleged that but for the defendants' malpractice and breach of fiduciary duty they objectively would have obtained a better result in the underlying lawsuit. In both cases, however, the court held that the plaintiffs objectively would not have obtained a better settlement

---

[5] The Court of Appeal reversed the trial court's ruling on another issue. (*Loube, supra,* 64 Cal.App.4th at p. 424.)

agreement or judgment if the defendants had not committed malpractice or breach of fiduciary duty. Therefore the plaintiffs in *Slovensky* and *Loube* could not prove that the defendants' tortious conduct caused them to incur damages.

*Slovensky* and *Loube* are distinguishable from this case. Unlike the plaintiffs in *Slovensky* and *Loube*, Gutierrez is *not* alleging that but for G&K's breach of fiduciary duty he objectively would have obtained a better litigation result (e.g., a higher settlement amount). This is because G&K was not representing Gutierrez with respect to a potential or pending lawsuit against the settling defendants at the time it allegedly breached its fiduciary duty. Before G&K committed any alleged wrongdoing, the settling defendants entered into "general settlements" with the plaintiffs in the Lockheed Action, including Gutierrez. A settlement is "[a]n agreement ending a dispute or lawsuit." (Black's Law Dict. (8th ed. 2004) p. 1405, col. 1; see *Page v. MiraCosta Community College Dist.* (2009) 180 Cal.App.4th 471, 489 [102 Cal.Rptr.3d 902].) After the settlement agreements were executed, Gutierrez could no longer pursue his causes of action against the settling defendants and the settling defendants could no longer raise defenses to Gutierrez's claims. Thus, once the settling defendants chose to pay the plaintiffs in the Lockheed Action, including Gutierrez, to settle the case, Gutierrez and the other plaintiffs were entitled to their rightful share of the settlement proceeds regardless of whether the settling defendants had a valid statute of limitations defense.

■ Because there was no pending or potential action against the settling defendants when G&K allegedly misappropriated the settlement funds, a trial within a trial regarding Gutierrez's substantive claims in the Lockheed Action is unnecessary. Gutierrez's breach of fiduciary duty cause of action must stand or fall without regard to the merits of his underlying claims against the settling defendants. Accordingly, whether Gutierrez's claims against the settling defendants objectively would have been barred by the statute of limitations is irrelevant to Gutierrez's breach of fiduciary duty cause of action against G&K.

If we were to adopt G&K's position—that the merits of Gutierrez's underlying claims against the settling defendants must be adjudicated—we would create a rule of law that would lead to absurd and inequitable results. For example, suppose a plaintiff retains an attorney to represent him in an employment discrimination action on a contingency basis. After the plaintiff's employer settles the case for $100,000, the attorney absconds with the settlement proceeds without paying the plaintiff anything. Under G&K's position, if the plaintiff sued the attorney, the attorney could raise each of the employer's defenses to the plaintiff's settled claims and, if the attorney

prevailed in this trial within a trial, he could keep the $100,000 with impunity. That is not, should not be, and never has been the law in this state.

For the reasons we have explained, G&K did not meet its burden of showing that Gutierrez cannot establish one or more elements of his breach of fiduciary duty cause of action. The trial court's order granting G&K summary judgment on this cause of action was therefore erroneous.

### 2. *G&K Did Not Meet Its Burden of Showing That Gutierrez Cannot Establish His Money Had and Received Cause of Action*

The appellate courts have not used the terms "causation" and "damages" to describe the elements of a cause of action for money had and received. In *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623 [33 Cal.Rptr.2d 276], we stated: "A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.' "

This common count is available in a great variety of situations (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 561, pp. 688–690) and "lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter." (*Weiss v. Marcus* (1975) 51 Cal.App.3d 590, 599 [124 Cal.Rptr. 297].) Where, as here, the defendant allegedly misappropriates the proceeds of a settlement that belong to the plaintiff, the plaintiff can maintain a money had and received cause of action. (*Ibid.*)

G&K contends that Gutierrez's money had and received cause of action against G&K is barred because Gutierrez's claims against the settling defendants in the Lockheed Action were barred by the statute of limitations. As we explained, *ante*, however, the merits of Gutierrez's claims in the Lockheed Action are irrelevant to whether G&K is liable for misappropriating settling proceeds in this action. G&K therefore did not meet its burden of showing that Gutierrez cannot establish one or more elements of his money had and received cause of action.

### 3. *G&K Did Not Meet Its Burden with Respect to the Defense of Unclean Hands*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*] See footnote, *ante*, page 925.

## DISPOSITION

The judgment is reversed. Gutierrez is awarded costs on appeal.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied May 16, 2011.