[No. A132202. First Dist., Div. Five. Oct. 12, 2012.]

MICHAEL RUIZ et al., Plaintiffs and Appellants, v. SAFEWAY, INC., Defendant and Respondent.

1456

Abbey, Weitzenberg, Warren & Emery, Patrick W. Emery and Matthew R. Lilligren for Plaintiffs and Appellants.

Dillingham & Murphy and John N. Dahlberg for Defendant and Respondent.

## OPINION

**JONES, P. J.**—Appellants Michael and Lydia Ruiz filed a complaint against Safeway, Inc. (Safeway), under Business and Professions Code section 25602.1,[1] seeking damages for their son's death in a car accident. Safeway filed a motion for summary judgment arguing it was entitled to prevail, as a matter of law, because it did not furnish or cause to be furnished alcohol to the minor who caused the accident within the meaning of the statute. The trial court agreed and granted summary judgment to Safeway. Appellants now appeal contending the trial court interpreted section 25602.1 incorrectly. We disagree and will affirm.

### I.  *Factual and Procedural Background*

On February 14, 2009, appellants' son Alexander was killed when his car was struck by a vehicle driven by an 18-year-old alleged drunk driver named Dylan Morse. Appellants sought to hold Safeway responsible for their son's death because shortly before the accident, a checker at one of Safeway's stores sold a 12-pack of beer to Morse's passenger at the time of the accident, Ryne Spitzer. The essential facts are as follows.

Spitzer was a student at Sonoma State University in Rohnert Park. Spitzer and Morse apparently were friends and on February 13, 2009, they made plans to attend a fraternity party. Spitzer and Morse drank beer and rum both before and during the fraternity party. The party was broken up by the police around midnight.

Spitzer and Morse returned to the dorms and sometime thereafter, Spitzer suggested they buy more beer. Morse agreed and he drove both of them to a nearby Safeway store arriving shortly before 2:00 a.m.

Spitzer and Morse entered the store and went to the beer aisle. After making their selection, Spitzer and Morse returned to the checkout counter and Spitzer placed the beer on the belt. Spitzer and Morse stood next to each other and chatted with other customers as they waited in line. Spitzer moved forward to pay for the beer when it was his turn. The checker, Amy Gonzalez, who had 12 years of experience, scanned the beer. The store's computer system recognized that alcohol was being sold and reminded Gonzalez that the purchaser must be at least 21 years of age. Gonzalez asked Spitzer for

---

[1] Unless otherwise noted, all further statutory references are to the Business and Professions Code.

identification. He gave her a California driver's license that indicated he was more than 21 years old. The license had not expired and Spitzer's features matched those on the photograph. The license also included a hologram, something Gonzalez knew was a feature on genuine licenses that are issued by the Department of Motor Vehicles. Detecting nothing that indicated the license was not genuine and currently in effect, Gonzales went forward with the sale. In fact, the license was forged.

Spitzer paid for the beer using his check card. The store's system processed the transaction and issued Spitzer a receipt. Spitzer and Morse then left the store, Spitzer carrying the beer in his hand.

Spitzer put the beer in the back of Morse's car and Morse began to drive back to Sonoma State. At one point, Spitzer took one of the bottles out of the box and handed it to Morse, who estimated he drank about half of it as he drove. Shortly thereafter, Morse allegedly caused the car accident that led to the death of appellants' son.

Based on these facts, appellants filed a complaint seeking damages for wrongful death against Morse, Spitzer, and Safeway. As amended and as is relevant here, the complaint alleged Safeway was liable because it violated section 25602.1, which makes it illegal to sell, furnish, or give, or cause to be sold, furnished, or given, alcohol to an obviously intoxicated minor. Appellants alleged Safeway violated the statute by furnishing or causing beer to be furnished to Morse.

Safeway filed a motion for summary judgment arguing it was entitled to prevail as a matter of law because (1) it did not furnish or cause beer to be furnished to Morse and (2) even if it did, neither Morse nor Spitzer was "obviously intoxicated" when Spitzer purchased the beer on the night in question.

The trial court conducted a hearing on the motion and ruled there was "a triable issue of fact as to the question of whether Ryne Spitzer and/or Dylan Morse were 'obviously intoxicated minors' within the meaning of . . . [section] 25602.1." However, the court went on to rule there was "no triable issue of fact as to whether Safeway . . . engaged in '. . . selling, furnishing, giving, or causing to be sold, furnished or given away . . .' alcohol to an obviously intoxicated minor, in this case, the driver Dylan Morse." Accordingly, the court ruled Safeway was entitled to summary judgment as a matter of law.

After the court entered a judgment in favor of Safeway, appellants filed the present appeal.

## II. *Discussion*

Appellants contend the trial court erred when it granted summary judgment to Safeway.

The standard of review for summary judgment is well established. The motion "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A moving defendant has met his burden of showing that a cause of action has no merit by establishing that one or more elements of the cause of action cannot be established or that there is a complete defense. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493].) We independently review an order granting summary judgment, viewing the evidence in the light most favorable to the nonmoving party. (*Gundogdu v. King Mai, Inc.* (2009) 171 Cal.App.4th 310, 313 [89 Cal.Rptr.3d 489].)

Here, appellants' complaint contained a single cause of action against Safeway alleging a violation of section 25602.1, one of California's dramshop laws. To put appellants' arguments in context, we review California's evolving dramshop liability law.

For many years, the law in California was similar to that in other jurisdictions. If someone was injured by a person who was drunk, the proximate cause of the injury was deemed to be the consumption of alcohol by the negligent consumer, not the person who sold him the alcohol. (*Salem v. Superior Court* (1989) 211 Cal.App.3d 595, 599 [259 Cal.Rptr. 447] (*Salem*).) That changed in the 1970's when our Supreme Court issued a series of decisions that applied a foreseeability analysis to conclude that the furnishing of alcohol to an intoxicated consumer could be the basis for a negligence claim. (*Vesely v. Sager* (1971) 5 Cal.3d 153, 158–167 [95 Cal.Rptr. 623, 486 P.2d 151]; *Bernhard v. Harrah's Club* (1976) 16 Cal.3d 313, 323–325 [128 Cal.Rptr. 215, 546 P.2d 719]; *Coulter v. Superior Court* (1978) 21 Cal.3d 144, 149–155 [145 Cal.Rptr. 534, 577 P.2d 669].)

The Legislature responded swiftly to the change reflected in these specific decisions. In 1978 it adopted section 25602, subdivision (c), which states, "this section shall be interpreted so that the holdings in cases such as Vesely . . . Bernhard . . . and Coulter . . . be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." At the same time, similar language was added to Civil Code section 1714.

The immunity granted by section 25602, is subject to one exception. When the Legislature adopted section 25602, it also adopted section 25602.1, which

sets forth the circumstances under which a licensee who provides alcohol to an intoxicated minor *can* be held liable for any proximately caused injury or death. As is relevant here, section 25602.1 states: "a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed, or required to be licensed, pursuant to Section 23300 . . . who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage . . . to any obviously intoxicated minor where the furnishing, sale or giving of that beverage to the minor is the proximate cause of the personal injury or death sustained by that person."

The latter statute, section 25602.1 is the statute upon which appellants rely. They argue Safeway can be held liable because its checker Gonzalez "furnished" or "caused . . . to be . . . furnished or given" alcohol to Morse within the meaning of the statute.

█   We begin our analysis by turning to the statute at issue. "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) We begin by examining the statutory language, giving it a plain and commonsense meaning. (*Ibid.*) We do not, however, consider the statutory language in isolation; rather, we look to the statute's entire substance in order to determine its scope and purpose. (*Ibid.*) If the statutory language is unambiguous, then its plain meaning controls. (*In re Young* (2004) 32 Cal.4th 900, 906 [12 Cal.Rptr.3d 48, 87 P.3d 797].)

█   With these principles in mind, we turn to appellants' allegations. First, appellants contend Safeway can be held liable because checker Gonzalez "furnished" beer to Morse. The common meaning of the word "furnish" is "to provide with what is needed" (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 473), and here there is no evidence that Gonzalez supplied beer to Morse, the young man who allegedly caused the accident that led to the death of appellants' son. Rather, the undisputed evidence is that Gonzalez *sold* beer to *Spitzer* who was using a false identification.

Appellants also argue Safeway can be held liable because it "caused" beer to be "furnished or given" to Morse on the night in question. Citing language in *Hernandez v. Modesto Portuguese Pentecost Assn.* (1995) 40 Cal.App.4th 1274 [48 Cal.Rptr.2d 229] (*Hernandez*), appellants argue that "liability under the statute is not limited to acts constituting a technical sale of alcohol to a minor." They urge that the Legislature's intent—to impose liability on persons or organizations in a position to detect signs of intoxication in a minor seeking to purchase alcohol and thereby to reduce the risk of injury— would sweep in vendor Safeway, despite the absence of a sale to driver Morse.

We disagree. The court in *Hernandez* focused on the meaning of the section 25602.1 language "causes to be sold" where the defendant's only acts relating to the sale of alcohol to an obviously intoxicated minor were its rental of a facility to the organizers dispensing the alcohol and the defendant's acquiescence in the liquor license application. The court ruled the phrase " 'causes to be sold' requires an affirmative act directly related to sale of alcohol, which necessarily brings about the resultant action to which the statute is directed, i.e., the sale of alcohol to an obviously intoxicated minor. For example, one who, having control over the alcohol, directs or explicitly authorizes another to sell it to a minor who is clearly drunk falls within the statutory language. On the other hand, merely providing a room where alcoholic beverages will be sold by others is not sufficient to satisfy section 25602.1's phrase, 'causes [alcohol] to be sold.' " (*Hernandez, supra*, 40 Cal.App.4th at p. 1282.)

Applying a similar analysis to the facts presented here, the evidence shows Safeway's checker Gonzalez sold beer to Spitzer. But nothing about that sale constitutes an affirmative act directly related to a sale to Morse, or an act that *necessarily* would have resulted in Spitzer furnishing or giving that beer to Morse. We conclude there is no evidence that Safeway caused beer to be furnished or given to Morse.

In sum, because there is no evidence that Safeway "furnished" or "cause[d] [alcohol] to be . . . furnished or given" to Morse within the meaning of section 25602.1, the trial court correctly granted Safeway summary judgment.

The result we reach is fully consistent with prior case law. The court in *Salem, supra*, 211 Cal.App.3d 595, addressed a similar issue on closely related facts. In *Salem*, two minors, George and Machado, were drinking beer for several hours. They wanted more beer and drove to a nearby 7-Eleven store. George entered the store selected a 12-pack of beer, paid for it, and walked out. George and Machado each drank one beer in the store's parking lot and Machado then drove off. An accident ensued that resulted in the death of a man named Hoffman. (*Id.* at p. 597.) Hoffman's heirs filed a complaint against 7-Eleven's corporate parent and others based on section 25602.1 and the issue on appeal was whether that statute "was intended to provide liability only when the minor who purchased the alcohol is the minor whose subsequent negligence actually causes the injury." (211 Cal.App.3d at p. 599.) The *Salem* court examined the history of dramshop liability in California, the legislative history of section 25602.1, and the precise wording of the statute, and agreed the defendants could not be held liable on the facts alleged. It concluded the Legislature chose to adopt limits on what conduct by the seller of alcohol would constitute the proximate cause of injury; misuse of the alcohol by a third party subsequent to the sale was not a cause of injury. The "injury resulting from intoxication of a person to whom an intoxicated

minor . . . gives liquor, is not injury proximately resulting from the sale to the intoxicated minor. Accordingly, the exception to nonliability provided by section 25602.1 does not apply, and the petitioners in interest in this litigation should be found immune from claims." (211 Cal.App.3d at p. 603.)

■ We reach a similar conclusion here. The undisputed evidence shows Safeway's checker sold beer to Spitzer and that Spitzer later gave some of that beer to Morse. As in *Salem*, we conclude Safeway cannot be held liable because the person to whom it sold alcohol was not the person whose negligence allegedly caused the injury at issue.

None of the arguments appellants advance convince us the trial court erred. First and primarily, appellants note that Spitzer and Morse entered the Safeway store together, went to the beer aisle together, stood in line together, and left the store together. Appellants argue that under those circumstances, "a jury could reasonably infer and conclude that Morse was going to consume some of the alcohol purchased by Spitzer, such that the Safeway checker furnished alcohol to both Spitzer and Morse, or that she caused the alcohol to be furnished or given to Morse by selling it to Spitzer . . . ." We reject this argument for two reasons. First, it fails to take into account the unique history of the statute at issue. Section 25602.1 is the single exception to what our Supreme Court has characterized as the "sweeping civil immunity" granted by section 25602 (*Strang v. Cabrol* (1984) 37 Cal.3d 720, 724 [209 Cal.Rptr. 347, 691 P.2d 1013]), and as such many courts have ruled that it must be construed *narrowly*. (*Elizarraras v. L.A. Private Security Services, Inc.* (2003) 108 Cal.App.4th 237, 243 [133 Cal.Rptr.2d 302], *Hernandez, supra*, 40 Cal.App.4th at p. 1281; *Salem, supra*, 211 Cal.App.3d at p. 600.) Second, appellants' attempt to rely on what the checker could infer based on the circumstances of Spitzer's purchase is in effect an attempt to return to the type of foreseeability analysis that our Legislature specifically rejected when it amended section 25602 and adopted section 25602.1. Here, as we have stated, there is no evidence that Safeway violated section 25602.1 as the statute is written. We decline appellants' invitation to interpret the statute broadly so as to create a jury question where one does not otherwise exist.

The primary case upon which appellants rely, *Sagadin v. Ripper* (1985) 175 Cal.App.3d 1141 [221 Cal.Rptr. 675] (*Sagadin*), does not compel a different conclusion. In *Sagadin*, two parents allowed their son to hold a party at their home at which alcohol was served. Two minors who attended the party and who subsequently got into a car accident, filed a complaint against the parents alleging a violation of section 25658, which makes it a crime to sell, furnish, or give or caused to be sold, furnished or given away, alcohol to a minor. For

present purposes, the pivotal issue on appeal was whether the father could be held liable for violating that statute. The *Sagadin* court ruled the father could be held liable, explaining its decision as follows, "The jury had before it Mr. Boal['s] testimony that he told his son that if parental beer was used, it would have to be replaced. Although the inference is not compelled, the jury could reasonably have inferred this was authorization to use the beer. A permissible inference from this undisputed testimony was that Mr. Boal tacitly authorized his son to provide his beer to the plaintiffs. The jury drew that inference and we, like the Boals, are bound by it. [Citation.] Such an authorization constitutes the requisite affirmative act as a matter of law. In order to furnish an alcoholic beverage the offender need not pour the drink; it is sufficient if, having control of the alcohol, the defendant takes some affirmative step to supply it to the drinker. By authorizing his son to supply beer to the underage partygoers, Mr. Boal's act was one of misfeasance rather than nonfeasance; his affirmative conduct created the risk. Robert Boal may then be said to have furnished beer." (175 Cal.App.3d at p. 1158, fn. omitted.)

Here by contrast, there is no evidence that the checker Gonzales authorized Spitzer to provide beer to Morse, nor did she take any affirmative step to provide the beer to Morse. Rather, Gonzalez simply sold the beer to Spitzer who then provided it to Morse when they were together in Morse's car. We conclude *Sagadin* is inapposite and is not controlling under the very different facts at issue here.

Finally, appellants rely on out-of-state cases that, using varying language, discuss whether a dramshop keeper can be held liable " '[i]f . . . the seller knew or had good reason to believe when he sold the liquor that the purchaser intended to furnish it to another person, and such person afterward becomes intoxicated and causes damage . . . .' " (*Bell v. Poindexter* (1949) 336 Ill.App. 541 [84 N.E.2d 646, 648]; see *Laymon v. Braddock* (Ala. 1989) 544 So.2d 900, 903–904.) Appellants argue a similar standard should be applied here. While the courts in some jurisdictions apply the principle appellants identify, other courts have reached the opposite conclusion. (See, e.g., *Bush v. Murray* (1876) 66 Me. 472, 473.) We need not try to reconcile these two lines of authority other than to note that nothing in the cases upon which appellants rely indicates the statutes in those jurisdictions have a legislative history that is similar to section 25602.1. As we have stated, our Legislature's quick and specific rejection of the courts' attempt to expand dramshop liability in California, and the long history of construing section 25602.1 narrowly convince us that Safeway cannot be held liable under the specific facts of this case. If there is to be any change in that conclusion, that change must come from the Legislature.

## III. *Disposition*

The judgment is affirmed.

Simons, J., and Bruiniers, J., concurred.

A petition for a rehearing was denied November 6, 2012, and appellants' petition for review by the Supreme Court was denied January 3, 2013, S206805.