NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| In re:  PETER KLEIDMAN, | No. 22-55381 |
| Debtor, | D.C. No. 2:21-cv-03287-JFW |
| PETER KLEIDMAN, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| HILTON AND HYLAND REAL ESTATE, INC.; JOSHUA ALTMAN; MATTHEW ALTMAN, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 10, 2023[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Peter Kleidman appeals pro se from the district court's judgment affirming

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's summary judgment in his adversary proceeding alleging breach of fiduciary duty by real estate agents. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's judgment in an appeal from the bankruptcy court, and apply the same de novo standard of review the district court used to review the bankruptcy court's summary judgment. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Invs., Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005). We affirm.

The bankruptcy court properly granted summary judgment because Kleidman failed to raise a genuine dispute of material fact as to whether defendants breached a fiduciary duty that they owed to Kleidman. *See Gutierrez v. Girardi*, 125 Cal. Rptr. 3d 210, 215 (Ct. App. 2011) (setting forth elements of a claim for breach of fiduciary duty); *Carleton v. Tortosa*, 17 Cal. Rptr. 2d 734, 740 (Ct. App. 1993) (explaining that a real estate broker's duty is defined by regulatory statutes and "the general law of agency, i.e., . . . the terms of the agreement between the parties"); *see also C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (discussing respective burdens of parties at summary judgment).

The district court did not abuse its discretion in overruling Kleidman's objection to the expert declaration of Allan Wallace submitted by defendants in support of their motion for summary judgment. *See* Fed. R. Evid. 704(a) ("An

22-55381

opinion is not objectionable just because it embraces an ultimate issue."); *Primiano v. Cook*, 598 F.3d 558, 563-64 (9th Cir. 2010) (setting forth standard of review and requirements for admitting expert testimony).

In his opening brief, Kleidman does not challenge—and has therefore forfeited review of—the district court's dismissal of his appeal from twelve additional bankruptcy court orders related to discovery disputes, motions to dismiss, and scheduling, on the ground that none of the issues he raised were properly before the district court. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (concluding that a pro se appellant waived issues not supported by argument in opening brief); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (explaining that "[w]e review only issues which are argued specifically and distinctly in a party's opening brief" and "[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review").

We do not consider any additional matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-55381